UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  10-22719-CIV-SEITZ/SIMONTON

CLAUDEL LOUIS,

    Plaintiff,

v.

SEABOARD MARINE LTD., INC.,
et al.,

    Defendants.
_____/

**ORDER DENYING PRO SE PLAINTIFF'S
MOTION FOR JUDGMENT BY DEFAULT**

Presently pending before the Court is Pro Se Plaintiff Claudel Louis' Motion for Judgment by Default (DE # 83).  The EEOC Defendants and Defendant Edward A. Gonzalez have filed responses to the Motion (DE ## 84, 89), and the Plaintiff has Replied (DE ## 88, 92).  The Motion has been referred to the undersigned United States Magistrate Judge (DE # 95).   For the reasons stated below, the Motion for Judgment by Default is DENIED.

    I.    BACKGROUND

This matter was initiated when pro se Plaintiff Claudel Louis filed a complaint in the Circuit Court of the Eleventh Judicial Circuit In and For Miami-Dade County, Florida asserting various allegations against approximately thirty defendants arising from his alleged treatment and termination while employed by Ambiance Personnel("Ambiance") and Seaboard Marine ("Seaboard") (DE # 1).  Specifically, in the Complaint, the Plaintiff named Seaboard Marine Ltd, Inc., and Seaboard Corporation, the President and CEO of Seaboard Edward Gonzalez, and the following thirteen Seaboard employees: Steven J. Bresky, Carlos Arocha,  Maggie Angulo, Elizabeth Cabezas, Gilma Lieber, Albert Smalls

Jr., Carlo Contreras, Partick Newton, Gustavo Lopez, Norberto Perez, Michael Gonzalez, Luis Hurtado and Noel Gonzalez, as defendants. In addition, the Plaintiff named Ambiance Personnel, Inc., and two of its employees Francine Pollack, who is the President and CEO of Ambiance, and Paul Kaminer, an employee of Ambiance, as defendants. The Plaintiff also named the Equal Employment Opportunity Commission ("EEOC") and the following ten EEOC employees: Robert Blomberg, Dennis Kendrick, Mercedes Ricardo, Mellanese Jones, Mitza Santos Wright, Juan Gonzalez, Ozzie Black, Edward Gomez, Jacqueline Berrien and Delner Franklin-Thomas, (collectively "EEOC Defendants") as defendants.

Defendant Edward A. Gonzalez removed the action from state court to this Court pursuant to 28 U.S.C. §§ 1331, 1367 and 1441 (DE # 1).[1] On August 5, 2010, this matter was consolidated with Case No. 10-22728-CIV-CMA, which was the same state court case, but which had been removed to this Court by the EEOC (DE # 10). Defendants Edward Gonzalez and the EEOC Defendants then filed Motions to Dismiss the Complaint (DE ## 8, 11).[2]

While the Motions to Dismiss were pending, Edward Gonzalez filed a Motion to Stay Parties' Joint Scheduling Obligations Pending Court's Resolution of Motions to

---

[1] The Miami-Dade County Clerk's Docket Information reflects that only Defendants Edward Gonzalez, Francine Pollack and Delner Franklin-Thomas were served with the state court Complaint prior to this action being removed to Federal Court. However, none of the other Defendants named in the action had been served prior to removal.

[2] In its Motion to Dismiss the Plaintiff's action (DE # 31), the EEOC asserts that the Plaintiff failed to serve the EEOC pursuant to Fla. C. Civ. Pro. 1.070 (b) or Rule 4(i) of the Federal Rules of Civil Procedure. The EEOC states that instead, the Plaintiff requested admission of service by mail pursuant to Fla.R.Civ. Proc. 1.070(i). (DE # 31 n 2). The EEOC states that it has not accepted service by mail.

**Dismiss and Pro Se Plaintiff's Service of Process on Remaining Defendants (DE # 14). In that Motion, Defendant Gonzalez stated that the Plaintiff had failed to serve all of the Defendants named in the action, and further asserted that all of the Defendants that had been served or appeared in the action had already filed Motions to Dismiss. Defendant Gonzalez therefore requested that the Court enter an order staying the Parties' obligation to submit a joint scheduling report until the Court ruled on the pending motions to dismiss and until the Plaintiff obtained service on the remaining Defendants. The Plaintiff opposed that Motion (DE # 29). The Court, however, granted the Motion and directed the Parties to file a Joint Scheduling Report within twenty-one days of the resolution of the Motions to Dismiss (DE # 18).**

**Mr. Louis filed an Amended Complaint (DE # 17), and the Defendants' Motions to Dismiss the original complaint were denied as Moot (DE ## 19, 21). The EEOC Defendants, Defendant Edward A. Gonzalez and Defendant Francine Pollack then all timely filed Motions to Dismiss the Amended Complaint (DE ## 31, 35, 38).**

**In addition, the Plaintiff filed a "Motion the (sic) Court to Serve The Remaining Defendants and Notification of Service of Process and Removal Deficiencies" requesting that the Court serve the remaining Defendants (DE # 34). In that Motion, the Plaintiff cited to the state court docket and stated that although the Dade County Sheriff's Office attempted to serve Defendants Paul Kaminer, an employee of Ambiance, and Noel Gonzalez, who Plaintiff describes as an independent contractor at Seaboard Marine, that the Plaintiff received a "No Service" form from the Sheriff related to service on those persons (DE # 34 at 1). The Plaintiff contended that the failure of the Sheriff to obtain service on Mr. Kaminer and Mr. Gonzalez was likely due to incorrect statements made by Seaboard Marine personnel and Ambiance Personnel's President, Francine Pollack**

3

regarding whether Mr. Gonzalez and Mr. Kaminer actually worked at those respective businesses.  Therefore, the Plaintiff requested that the Court enter an Order to serve Paul Kaminer and Noel Gonzalez.

The Plaintiff also requested that the U.S. Marshals serve the remaining Defendants, including, Seaboard Marine officers and/or employees Steven J. Bresky, Carlos Arocha, Maggie Angulo, Elizabeth Cabezas, Gilma Lieber, Albert Smalls Jr., Carlos Contreras, Partick Newton, Gustavo Lopez, Norberto Perez, Michael Gonzalez, and Luis Hurtado, and the Chairwoman of the U.S. EEOC, Jacqueline A. Berrien (DE # 34 at 4).  Further, although the Plaintiff did not ask for any relief related to the Seaboard corporate Defendants in that Motion, the Plaintiff noted that the attorney who appeared on behalf of Defendant Edwin Gonzalez failed to include the Seaboard Defendants as parties (DE # 34 at 2).

The Plaintiff's Motion, however, was termed pending the resolution of an interlocutory appeal taken by Mr. Louis related to several rulings made by the District Court, including the Court's denial of the Plaintiff's Motion to Recuse, and the Court's Order granting Defendant Gonzalez's Motion to Stay pending service upon the remaining Defendants (DE ## 57, 63).  The Court also closed the case pending the resolution of that appeal (DE # 63).

After the Court of Appeals dismissed the Plaintiff's appeal for lack of jurisdiction, the instant case was reopened (DE # 78).  Both the District Judge and the Magistrate Judge originally assigned to the case, however, recused themselves from the matter and the case was reassigned to the Honorable Patricia Seitz (DE ## 79, 80, 87).  The Motions to Dismiss the Amended Complaint that had been previously filed by the EEOC Defendants, Francine Pollock and Edward Gonzalez were referred to the undersigned

4

Magistrate Judge (DE # 95), and the Plaintiff's Motion to Serve the Remaining Defendants was denied (DE # 100).

## II.     MOTION FOR DEFAULT

Currently pending before this Court is the Plaintiff's Motion for Judgment by Default seeking to have a default judgment entered against all of the Defendants (DE # 83). In the Motion, which is rambling and disjointed, the Plaintiff contends that the Defendants have failed to defend this action as required by the Federal Rules of Civil Procedure. In addition, the Plaintiff contends that default is appropriate because Defendant Gonzalez and the EEOC Defendants did not comply with the Court's Order requiring the Parties to file a Joint Scheduling Report. The Plaintiff offers no legal support for his assertion that a default judgment is warranted in this case, but rather spends significant time in the Motion discussing the purported improper removal of this action by Defendant Gonzalez and the EEOC, and the improper rulings by the District Judge and Magistrate Judge previously assigned to the case. The Plaintiff, however, acknowledges that Defendant Gonzalez and the EEOC Defendants filed Motions to Dismiss his Complaint but contends that such filings do not satisfy the requirement that the Defendants defend against this action.

In Response, the EEOC Defendants assert that they timely filed a Motion to Dismiss, and further assert that the Court stayed the Parties' requirement to file a Joint Scheduling Report until after the Motions to Dismiss were resolved (DE # 84). Similarly, Defendant Edward Gonzalez contends that the Plaintiff's Motion is without merit because Defendant Gonzalez timely filed a Motion to Dismiss (DE # 89).

In his Replies, the Plaintiff asserts that because Defendant Gonzalez and the EEOC Defendants failed to serve two of the other Defendants with their Motions to

5

Dismiss, that those filings are "invalid." (DE ## 88 at 3, # 92 at 1-2).  The Plaintiff then asserts that Rule 11 sanctions are appropriate because the action was removed from the State Court twice, and because the Defendants filed frivolous Motions to Dismiss.  Further, the Plaintiff contends that the EEOC's actions caused the time to serve the remaining Defendants to elapse (DE # 88).   Similarly, in reply to Defendant Gonzalez's Response, the Plaintiff concedes that "Defendant Gonzalez is the only Seaboard-related Defendant whom Plaintiff has served." (DE # 92 at 3).  Finally, in both Replies, the Plaintiff again asserts that the Defendants failed to plead or otherwise defend this action as required by Rule 55.

### III.   LEGAL ANALYSIS

The Plaintiff seeks to have a default entered against all of the Defendants due to their purported failure to defend or otherwise plead as required by Federal Rule of Civil Procedure 55.  However, it is manifest that the Plaintiff's claims in this regard are wholly without merit, and his Motion for Default Judgment is therefore denied.

Federal Rule of Civil Procedure 55 (a) provides, in relevant part, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Based upon the plain language of this Rule, the entry of a default is not appropriate whenever a party demonstrates an intent to defend the suit. *Luxottica Retail N. Am., Inc., v. George L. Haffner, Enter., Inc.*, 2011 WL 6319402 *2 (M.D. Fla. Dec. 16, 2011) (*citing Cowen v. Aurora Loan Servs.*, No. Civ. 10–452, 2010 WL 3342196, at * 1 (D. Ariz. Aug. 25, 2010); *Johnson v. Warner*, No. 7:05–cv–219, 2009 WL 586730, at *4 (Mar. 6, 2009);  See 10A The Late Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Federal Practice and Procedure § 2682 (3d ed. 2011)

(stating a default may only be entered against a party who has failed to plead or otherwise defend).

In addition, pursuant to Fed. R. Civ. P. 12 (a)(4)(A), a motion to dismiss extends the time in which an answer is due until after the district court denies the motion or postpones its disposition. *Cheshire v. Bank of America, NA*, 351 Fed. Appx. 386, 389 (11th Cir. 2009). Thus, a defendant who timely files a motion to dismiss is not in default for failing to file an answer prior to the court resolving that motion. *Id.*

In the Motion for Judgment by Default, the Plaintiff concedes that the EEOC and Defendant Gonzalez filed Motions to Dismiss. In addition, the record demonstrates that both of those Defendants, as well as, Defendant Francine Pollock, filed timely Motions to Dismiss the Plaintiff's Amended Complaint. Accordingly, there is absolutely no basis for entering a default pursuant to Rule 55 against any of those Defendants.

Further, the record clearly establishes that the other Defendants against whom the Plaintiff seeks a default have not yet been served with the Complaint. Indeed, the Plaintiff even asserts that the EEOC's actions prevented the other Defendants from being timely served. The fact that the Plaintiff identified those Defendants in various filings with the Court does not require those Defendants to respond or otherwise defend against this action, prior to being served. Rather, Federal Rule of Civil Procedure 12 states that a defendant must serve an answer (or otherwise defend the action) within 21 days after being served with the summons and complaint, unless the defendant has waived service. Fed. R. Civ. P. 12(a). Thus, because none of the Defendants, other than the EEOC Defendants, Francine Pollock and Edward Gonzalez, were ever served with this action, they were not required to defend against this action, and thus entry of a default pursuant to Rule 55 is inappropriate.

7

Finally, the undersigned notes that the Court recently granted the Defendants' Motions to Dismiss the Amended Complaint and granted the Plaintiff leave to file a Second Amended Complaint. However, rather than filing a Second Amended Complaint that complied with the directives set forth in the undersigned's Report and Recommendation and the Order adopting that Report and Recommendation, the Plaintiff filed an Amended Complaint that asserted some of the same causes of action against the same Defendants that had already been dismissed with prejudice. As such, the Court struck the Amended Complaint and directed the Plaintiff to file a Second Amended Complaint in compliance with the Court's Order on or before March 12, 2012 (DE # 129). Thus, as there is no operative Complaint currently pending in this action, there is no pleading upon a which a default may be entered.

## IV. CONCLUSION

Therefore, based on a review of the record as a whole, and for the reasons discussed above, it is hereby

**ORDERED** that Plaintiff Claudel Louis' Motion for Judgment by Default (DE # 83). is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida on March 2, 2012.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE


Copies provided via CM/ECF to:
The Honorable Patricia A. Seitz United States District Judge
All counsel of record